**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
DAVID BOBB, on behalf of himself and on    :
behalf of other similarly-situated individuals,   :   Civil Case No.
                                :
                   Plaintiff,    :   **COLLECTIVE AND CLASS**
                                :   **ACTION COMPLAINT**
    -against-                :
                                :   **Jury Trial Demanded**
JUNG SIK DANG, CORP., d/b/a JUNGSIK,  :
and JUNG SIK YIM, in his professional and  :
individual capacities,                  :
                                :
                 Defendants.  :
------------------------------------------------------------X

      Plaintiff David Bobb, on behalf of himself and all other similarly-situated individuals, by

and through his undersigned counsel Wigdor LLP, as and for his Complaint in this action against

Defendants Jung Sik Dang, Corp., d/b/a Jungsik ("Jungsik") and Jung Sik Yim, in his

professional and individual capacities ("Chef Yim") (together, "Defendants"), hereby alleges as

follows:

## PRELIMINARY STATEMENT

      1.     Restaurant Jungsik and its superstar Chef and culinary leader Jung Sik Yim, cater

to some of the most discerning diners in the world.  As a coveted, two Michelin star-rated

restaurant located in the affluent New York City neighborhood of TriBeCa, which charges

customers $190 each for a taste of its "New Korean" haute cuisine, one would expect that their

food presentation would be on par with the treatment of those employees that work tirelessly in

turning out award winning food.  However, behind Jungsik's veneer and decadence, the

employees that wait on and serve its high-end customers are themselves lowballed and swindled

out of the wages and tips to which they are lawfully owed.

2.      Indeed, Plaintiff David Bobb, a former Jungsik Backwaiter, was, like other tipped service employees on whose behalves he seeks to bring this proposed class action, unlawfully deprived of his earned wages and tips by virtue of Jungsik's illegal practices and policies; namely, its scheme of forcing tipped service employees to share and pool their tips with Managers and tip-ineligible "back of the house" employees such as Expeditors.

3.      Through these unlawful practices, the acclaimed restaurant was able to shift its costs onto its service employees, while simultaneously paying them wages below the minimum wage, resulting in loftier profits attained at the expense of the workers who serve as its face.

4.      As a result, Plaintiff and other similarly-situated individuals were subjected to numerous violations of federal and state law, including: (a) failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL"), § 650 *et seq.*; and (b) illegal retention and distribution of employee gratuities and "charges purported to be gratuities," in violation of NYLL § 196-d.

5.      Plaintiff brings his claims under the FLSA as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and all other similarly-situated persons who were employed at Jungsik as "Captains," "Servers," "Backwaiters," "Bartenders," and other similar "tipped" positions who were not paid the prevailing minimum wage for all hours worked during the full statute of limitations period (the "FLSA Collective Period").  Plaintiff and all such other similarly-situated persons are jointly referred to as the "FLSA Collective."

6.      Plaintiff bring his claims under the NYLL as a class action pursuant to Federal Rule of Civil Procedure Rule 23 on behalf of himself and all other similarly-situated persons who were employed by Jungsik as "Captains," "Servers," "Backwaiters," "Bartenders," and similar "tipped" positions who: (a) were not paid the prevailing minimum wage for all hours

worked; and (b) had gratuities and/or "charges purported to be gratuities" unlawfully retained and/or distributed to Managers and tip-ineligible employees from their wages.  Plaintiff and all other such similarly-situated persons are jointly referred to as the "NYLL Class."

## JURISDICTION AND VENUE

7.      Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.  Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under the NYLL.

8.      Pursuant to 28 U.S.C. § 1391(a), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

9.      Plaintiff David Bobb is an adult resident of Queens, New York and was employed by Defendants as a Backwaiter from on or about October 30, 2014, to March 20, 2015.  At all relevant times, Mr. Bobb was an "employee" within the meaning of all applicable statutes.  A Consent to Participate as a Plaintiff in this action executed by Plaintiff Bobb will be filed with the Court.

10.     Defendant Jung Sik Dang, Corp., d/b/a Jungsik, is a New York corporation and restaurant, located at 2 Harrison Street, New York, New York 10013.  At all relevant times, Defendant Jungsik was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

11.     Defendant Jung Sik Yim is the Executive Chef and owner of Jungsik, and exercises sufficient control of its day-to-day operations, including, but not limited to, how

Jungsik employees are paid, to be considered Plaintiff's employer under the FLSA and NYLL. Chef Yim opened Jungsik in New York City in 2012, after the restaurant he opened years earlier in Seoul, South Korea (also bearing his name) was ranked as the country's finest, and reached 10th place in the rankings of Asia's 50 Best Restaurants.

12.     Upon information and belief, Chef Yim is a resident of New York State.

## FACTUAL ALLEGATIONS

**Minimum Wage Violations**

13.     Defendants were/are permitted, under the FLSA and NYLL, to pay certain tipped employees at a statutory hourly rate that is less than the standard hourly minimum wage rate so long as the "tips" or "gratuities" that such tipped employee is expected to receive, when added to the hourly wages, meet or exceed the standard hourly minimum wage, and so long as all tips received by the employees are retained by the employee, and no portion of the tips are retained by Defendants or given to managers or employees in non-tipped positions.

14.     At all relevant times throughout the FLSA Collective Period and NYLL Class Period, Plaintiff, the FLSA Collective, and the NYLL Class were required to pool their tips with other service employees, and would receive tips based on a point system that corresponded to each employee's specific position.

15.     However, Defendants were not entitled to avail itself of the reduced minimum wage by applying the tip credit allowance for Plaintiff, the FLSA Collective, and the NYLL Class, because, *inter alia*, Defendants required them to share and/or pool their tips with Managers and non-"tipped" employees such as Expeditors, and other employees who did not perform "tipped" duties and/or did not have meaningful interaction with customers.

4

16.     Specifically, Expeditors did not perform any direct customer service, were not engaged in customarily tipped work, and did not have meaningful interaction with customers.

17.     Rather, an Expeditor's job duties were performed exclusively in the kitchen, completely out of customers' view.  Expeditors worked as liaisons between the kitchen staff and front of house staff, and would ensure that food orders were organized and at the right temperatures.

18.     Additionally, managerial employees and/or employees with meaningful managerial authority, including a Manager named Joo Young Yang, unlawfully participated in the tip pool, and deprived Plaintiff, the FLSA Collective and the NYLL Class of tips which they had earned.

19.     Tellingly, Defendants prohibited service employees from accessing or viewing tip sheets, which would have detailed how tips were collected and distributed, despite requests from tipped service employees.  Rather, Defendants refused to disclose how tips were distributed, and to which specific employees, and retained full discretion and authority over these decisions and practices.

20.     As a result of these unlawful policies and practices, Defendants were obligated to pay Plaintiff, the FLSA Collective, and the NYLL Class the standard hourly minimum wage rate, and not any reduced minimum wage through application of a tip credit.

21.     At all relevant times, Defendants knew that nonpayment of the minimum wage would economically injure Plaintiff, the FLSA Collective and the NYLL Class, and violated federal and state laws.

**New York Labor Law § 196-d Violations**

22.     During Plaintiff's employment and at all relevant times during the NYLL Class Period, Defendants unlawfully retained tips and distributed tips to Managers and to tip-ineligible employees that were owed to Plaintiff and the other members of the NYLL Class, in violation of NYLL § 196-d.

23.     In addition, during Plaintiff's employment and at all relevant times during the NYLL Class Period, Defendants held private events at Jungsik, for which clients were required to pay an automatic/mandatory "service charge," "administrative charge," or charge with a similar name comprising a percentage of the total bill (referred to herein as the "Service Charge").

24.     Defendants led or knowingly allowed its customers to reasonably believe that the Service Charge was a gratuity by, *inter alia*, calling it a "service charge," representing to customers that the charge was a gratuity, and failing to tell customers that the charge was not a gratuity.

25.     However, upon information and belief, Defendants did not remit the full amount of gratuities collected from private events to Plaintiff and members of the NYLL Class.

26.     Throughout the relevant time period, Defendants had knowledge of NYLL § 196-d and the legal requirement that service employees are entitled to their gratuities, and that it is unlawful for gratuities to be retained by the employer, yet retained all or part of the Service Charges and/or other gratuities collected from private events, which should have been distributed to Plaintiff and the NYLL Class in full.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiff brings FLSA claims as a collective action on behalf of himself and on behalf of all other similarly-situated persons who were employed at Jungsik as "Captains," "Servers," "Backwaiters," "Bartenders," or other similar service "tipped" positions during the FLSA Collective Period.

28.     At all relevant times, Plaintiff and the other members of the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans and practices, and were subject to Defendants' practice of willfully failing and refusing to pay them at the legally required minimum wage for all hours worked, and allowing Managers and non-tipped employees to share in their tips.

29.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the minimum wage provisions of the FLSA.

30.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 206 by not paying the FLSA Collective and Plaintiff the prevailing minimum wage for all hours worked.

31.     Defendants' violations of the FLSA were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the FLSA Collective.

32.     As a result of Defendants' conduct, Defendants are liable to Plaintiff and the FLSA Collective for the full amount of their unpaid minimum wages, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the FLSA Collective.

33.     While the exact number of the FLSA Collective is unknown to Plaintiff at the present time, upon information and belief, there are at least one hundred (100) other similarly-situated persons who were employed at Jungsik as "Captains," "Servers," "Backwaiters," "Bartenders," or other similar "tipped" positions during the FLSA Collective Period.

34.     Plaintiff is currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants as "Captains," "Servers," "Backwaiters," "Bartenders," or similar service "tipped" positions during the FLSA Collective Period, along with their last known addresses, telephone numbers, e-mail addresses and other contact information, so Plaintiff can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

35.     Plaintiff brings NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and on behalf of all other similarly-situated persons who were employed at Jungsik as "Captains," "Servers," "Backwaiters," "Bartenders," or other similar service "tipped" positions who were/are: (i) not paid the prevailing minimum wage for all hours worked; and (ii) unlawfully denied gratuities or charges purported to be gratuities, or had such gratuities unlawfully distributed to tip-ineligible employees.

36.     The basic job duties of the NYLL Class were the same as or substantially similar to those of Plaintiff, and the NYLL Class were paid in the same manner and under the same common policies, plans and practices as Plaintiff.

37.     The NYLL Class, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying the prevailing minimum wage

for all hours worked, and retaining and/or unlawfully distributing gratuities or charges purported to be gratuities.

38.     During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiff and the NYLL Class, and that those duties were not exempt from the minimum wage and other applicable provisions of the NYLL and/or its regulations.

39.     As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations by not paying the NYLL Class and Plaintiff the prevailing minimum wage for all hours worked, and retaining and/or unlawfully distributing gratuities. Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the NYLL Class.

40.     As a result of Defendants' conduct, Defendants is liable to Plaintiff and the NYLL Class for the full amount of their unpaid minimum wages, and the gratuities or charges purported to be gratuities retained and/or unlawfully distributed by Defendants, plus additional amounts as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the NYLL Class.

41.     Certification of the NYLL Class' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the claims of the NYLL Class.  Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on him individually and on members of the NYLL Class.  Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the NYLL Class is

the most efficient and judicious means of presenting the evidence and arguments necessary to

resolve such questions for Plaintiff, the NYLL Class and Defendants.

42.     Plaintiff's claims raise questions of law and fact common to the NYLL Class.

Among these questions are:

a.      Whether Defendants employed Plaintiff and the NYLL Class members within the meaning of the NYLL;

b.      Whether Defendants paid Plaintiff and the NYLL Class members the federal and state minimum wage for all hours worked during the NYLL Class Period;

c.      Whether Defendants' failure to pay the prevailing minimum wage to Plaintiff and the NYLL Class constitutes a violation of NYLL §§ 650 *et seq.*;

d.      At what common rate, or rates subject to common methods of calculation, was Defendants required to pay Plaintiff and the Class members for their work;

e.      Whether Defendants illegally retained Plaintiff's and the NYLL Class members' tips and distributed them to managers and non-tipped employees, such as Expeditors, and other individuals who were not working in customarily tipped positions and/or did not have meaningful contact with customers;

f.      Whether the automatic/mandatory service charge charged to Defendants' private event customers was a gratuity within the meaning of NYLL § 196-d;

g.      Whether Defendants illegally retained any portion of Plaintiff's and the NYLL Class' gratuities or charges purported to be gratuities such as automatic/mandatory service charge during private events; and

h.      Whether Defendants' violations of the NYLL and/or its regulations were willful.

43.     These common questions of law and fact arise from the same course of events,

and each class member will make similar legal and factual arguments to prove liability.

44.     Plaintiff is a member of the NYLL Class that he seeks to represent.  Plaintiff's claims are typical of the claims of the NYLL Class.  The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

45.     Plaintiff's interests are co-extensive with those of the NYLL Class that he seeks to represent in this case.  Plaintiff is willing and able to represent the NYLL Class fairly and to vigorously pursue his similar individual claims in this action.  Plaintiff has retained counsel who is qualified and experienced in labor and employment class action litigation, and who is able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiff and his counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

46.     Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

47.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff's and the NYLL Class' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

48.     The common issues of fact and law affecting Plaintiff's claims and those of the NYLL Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

49.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the NYLL Class.  There will be no difficulty in the management of this action as a class action.

50.     The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiff and the NYLL Class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.  The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

51.     The NYLL Class is so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiff at the present time, upon information and belief, there are at least one hundred (100) similarly-situated persons who were/are employed by Defendants as "Captains," "Servers," "Backwaiters," "Bartenders," or other similar "tipped" positions during the NYLL Class Period.

52.     Plaintiff is currently unaware of the identities of the NYLL Class.  Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants as "Captains," "Servers," "Backwaiters," "Bartenders," or other similar "tipped" positions during the NYLL Class Period, along with their last known addresses, telephone numbers, e-mail addresses and other contact information, so Plaintiff can give the NYLL Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wages in Violation of 29 U.S.C. § 206)**

53.     Plaintiff, on behalf of himself and the FLSA Collective, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

54.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

55.     During the FLSA Collective Period, Defendants did not pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked for Defendants.

56.     As a result of Defendants' failure to pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

57.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

58.     Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wage, an additional equal amount in liquidated damages, attorneys' fees and costs, and interest.

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wages in Violation of NYLL §§ 650 *et seq*.)**

59.     Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

60.     The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiff and the NYLL Class were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

61.     During the NYLL Class Period, Defendants did not pay Plaintiff and the NYLL Class the prevailing minimum wage for all hours worked for Defendants.

62.     As a result of Defendants' failure to pay Plaintiff and the NYLL Class the prevailing minimum wage for all hours, Defendants violated the NYLL.

63.     The foregoing conduct of Defendants constitutes willful violations of the NYLL.

64.     Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, attorneys' fees and costs, and interest.

## THIRD CLAIM FOR RELIEF
### (NYLL Violations for Illegal Retention of Gratuities)

65.     Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

66.     Plaintiff and the NYLL Class members were employed by Defendants within the meaning of NYLL §§ 2 and 651.

67.     NYLL § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity[.]"

68.     During the NYLL Period, Defendants unlawfully demanded and retained gratuities and "charges purported to be gratuities" from Plaintiff and the NYLL Class, including during private events, in violation of NYLL § 196-d.

69.     Due to Defendants' NYLL violations, Plaintiff and the NYLL Class members are entitled to recover from Defendants the amount of retained gratuities, liquidated damages, attorneys' fees and costs, and interest.

## FOURTH CLAIM FOR RELIEF
### (NYLL Violations for Illegal Distribution of Gratuities)

70.     Plaintiff, on behalf of themselves and the NYLL Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

71.     Plaintiff and the NYLL Class members were employed by Defendants within the meaning of NYLL §§ 2 and 651.

72.     NYLL § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity[.]"

73.     During the NYLL Period, Defendants unlawfully retained gratuities and "charges purported to be gratuities" from Plaintiff and the NYLL Class and distributed them to managers and tip-ineligible employees, in violation of NYLL § 196-d.

Due to Defendants' NYLL violations, Plaintiff and the NYLL Class members are entitled to recover from Defendants the amount of retained and unlawfully distributed gratuities, liquidated damages, attorneys' fees and costs, and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and the NYLL Class, respectfully requests that the Court:

A.     Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.     Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.     Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.     Award Plaintiff and the FLSA Collective an additional equal amount as liquidated damages because Defendants' violations were willful and/or without a good faith basis;

E.     Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendants to provide Plaintiff with a list of all members of the NYLL Class, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

F.     Designate Plaintiff as representative of the NYLL Class, and his counsel of record as class counsel;

G.     Determine the damages sustained by Plaintiff and the NYLL Class as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of Plaintiff and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H.     Award Plaintiff and the NYLL Class an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

I.     Award Plaintiff, the FLSA Collective and the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action; and

J.      Grant Plaintiff, the FLSA Collective and the NYLL Class such other and further

relief that the Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff, on behalf of himself and on behalf of all other similarly-situated persons, hereby

demands a trial by jury on all issues of fact and damages.

Dated: January 5, 2017
       New York, New York                          Respectfully submitted,

                                                   **WIGDOR LLP**

                                                   By: _____
                                                           Douglas H. Wigdor
                                                           Tanvir H. Rahman

                                                   85 Fifth Avenue
                                                   New York, NY 10003
                                                   Telephone:  (212) 257-6800
                                                   Facsimile:  (212) 257-6845
                                                   dwigdor@wigdorlaw.com
                                                   trahman@wigdorlaw.com

                                                   *Attorneys for Plaintiff and the Proposed*
                                                   *FLSA Collective and NYLL Class*